

**ORDERED in the Southern District of Florida on March 16, 2022.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**U.S. BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

In Re:
Carlos Visbal
Carmen A Santos,
    Debtors.
_____/

Case No.: 21-11043-RAM

Chapter 13

**AGREED ORDER GRANTING MOTION TO VALUE AND
DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY
HELD BY 1800 BISCAYNE PLAZA CONDOMINIUM ASSOCIATION, INC.**

THIS CASE came to be heard on March 8, 2022 at 9:00 a.m., on the Debtors' Motion to Value and Determine Secured Status of Lien on Real Property [ECF No. 73] (the "Motion") and the Secured Creditor, 1800 Biscayne Plaza Condominium Association, Inc.'s Response and Objection to Motion to Value and Determine Secured Status of Lien on Real Property [ECF No. 101] (the "Response"). Based upon the agreement of the Debtors and the Creditor, having considered the record in this case, and being duly advised in the premises, the Court **FINDS** as follows:

    A.    The value of Debtors' real property, (the "Real Property") located at 1800 Biscayne Boulevard, #1707, Miami, Florida 33132, and more particularly

described as

> Unit 1707 of 1800 Biscayne Plaza Condominium, a Condominium according to the Declaration of Condominium thereof as recorded in the Official Records Book 23981, Page 1388 of the Public Records of Miami-Dade County, Florida

is $391,000.00 at the time of the filing of this case.

  B. The total of all claims secured by liens on the Real Property senior to the liens of 1800 Biscayne Plaza Condominium Association, Inc. (the "Association") is $665,533.52.

  C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of the Creditor is $0.00 and the Creditor has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Association has an allowed secured claim in the amount of $0.00.

3. Because the Association's secured interest in the Real Property is $0, the Association's judgment lien recorded at OR Book 31783 Page 3366 in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtors' discharge in this chapter 13 case.

4. The Association filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $130,639.43, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court. Should the Debtors sell the Property at any time subsequent to the entry of this Order, then the buyer shall be liable to the Association at the closing of the

purchase of the Real Property for the maintenance assessment arrears in the amount of $130,639.43 less all sums paid on the unsecured claim as stated in paragraph 4 above pursuant to this order and governing Florida law.

6. If this case is converted to a Chapter 7 case or dismissed, then the Association's lien will no longer be impacted by this Order and shall be restored to its original status prior to the commencement of this bankruptcy case

7. The Association may elect to immediately record this Order for the purpose of placing prospective purchasers of the Real Property on notice that liability for the subject debt underlying the Motion to Value giving rise to this Order remains with the Property pursuant to Florida law and that the avoidance of any maintenance arrears due the Association in this bankruptcy proceeding does not impact the Association's state law rights to pursue collection of the stripped off arrears against the subsequent owner/purchaser of the Property pursuant to governing Florida law.

###

**Order Submitted by:**
Angelena M. Conant, Florida Bar No.: 101751
Angelena M. Root, P.A., 1931 Cordova Road, #303, Fort Lauderdale, FL 33316
Telephone: (954) 986-2101, E-Mail: amrootesq@gmail.com
(Attorney Conant is directed to serve a copy of this order on all interested parties and file a Certificate of Service reflecting same with the Court.)